UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY KELLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 26-cv-03609 |
| v. ) | **(JURY TRIAL DEMANDED)** |
| ) | |
| SCALEOUT, LLC, ) | |
| ) | |
| Defendant. | |

## COMPLAINT

Plaintiff Anthony Kellen ("Tony Kellen" or "Plaintiff"), for his Complaint against

Defendant Scaleout, LLC ("Scaleout" or "Defendant"), hereby alleges as follows.

## THE PARTIES

1.      Plaintiff is a citizen of Minnesota, residing in Foley, Minnesota.

2.      Defendant Scaleout, LLC is, on information and belief, a limited liability

company organized and existing under the laws of Vermont and having its principal place

of business in Massachusetts, and listing its physical address as P.O. Box 547, 67 West

Boylston Street, Unit 5, West Boylston, Massachusetts 01583, and having an agent for

service of process at 145 Pine Haven Shores, Suite 1000, Shelburne, Vermont 05482.

## JURISDICTION & VENUE

3.      This case arises under the Copyright Act, 17 U.S.C. §§ 101, et seq., and the

Declaratory Judgment Act, 28 U.S.C. § 2201.

4.      This court has subject matter jurisdiction over Tony Kellen's claims pursuant

to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because this action arises under the laws of

1

the United States, namely the Copyright Act, 17 U.S.C. §101, et seq., and the Declaratory Judgment Act, 28 U.S.C. §2201. This Court has subject matter jurisdiction over Tony Kellen's claims pursuant to 28 U.S.C. §1332, because this is an action between citizens of different states add the amount in controversy exceeds the sum or value of $75,000.

5.    This Court has personal jurisdiction over Defendant because Defendant has purposefully directed activities towards Minnesota and purposefully availed itself of this forum's privileges and this action arises from such purposefully directed activities and purposeful availment. Defendant has done so by, among other actions: Defendant's ongoing and purported licensing of the software that is the subject of this Complaint to the St. Cloud (Minnesota) Metropolitan Transit Commission in this District; Defendant's ongoing conduct in this District with respect to the software that is the subject of this Complaint and which is inconsistent with Tony Kellen's ownership, interests, and copyrights in such subject matter; Defendant's refusal to release the software that is the subject of this Complaint and located in this District to Tony Kellen in this District; by demanding that Tony Kellen cease and desist from actions in this District asserting ownership over or licensing the software that is the subject matter of this Complaint; by alleging that releasing the software that is the subject matter of this Complaint to Tony Kellen would constitute a violation of a contract between Defendant and the St. Cloud (Minnesota) Metropolitan Transit Commission which is performed in this District. This Complaint arises from Defendant's conduct in or directed at this District, because Tony Kellen is (and Defendant is not) the lawful owner of the software and copyrights that are the subject matter of this Complaint, because Defendant has no right to license or take other

2

actions with respect to the software that is the subject of this action, because Tony Kellen is (and Defendant is not) entitled to possessions of such software, because Tony Kellen has the lawful right to assert his ownership (and Defendant's non-ownership) of the software and copyrights that are the subject matter of this Complaint.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) in that Defendant is subject to this Court's personal jurisdiction with respect to this civil action and therefore resides in this District pursuant to 28 U.S.C. § 1391(c)(2).  Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because a substantial part of property that is the subject of the action is situated in this District.

**FACTUAL ALLEGATIONS**

7.     Plaintiff, Tony Kellen, is the father and heir of the late Tyler Kellen, who died in October 2025.

8.     Tyler Kellen was the author of certain data management software ("the DMS Code").

9.     As the author, copyright in the DMS Code vested in Tyler Kellen as the author of the work, pursuant to 17 U.S.C. § 201(a).  The DMS Code was not a "work made for hire" under 17 U.S.C. § 101 and 17 U.S.C. § 201(b).  Tyler Kellen never transferred ownership of his copyright in the DMS Code pursuant to 17 U.S.C. § 201(d).  Tyler Kellen owned all copyrights in the DMS Code at the time of his death.  Tyler Kellen left no will and had no children.  Tyler Kellen's mother is deceased.  Tyler Kellen's father, plaintiff, Tony Kellen is Tyler Kellen's sole heir.  The copyright in the DMS Code is included as an

3

asset of Tyler Kellen's estate as part of "MetroNet Data Management System Software" and will pass to Tony Kellen, if it has not already done so.

10.    Tony Kellen and Tyler Kellen jointly authored software ("the User Modules") that allows a user to interact with the DMS Code and employ capabilities of the DMS Code in support of the user's day-to-day business activities.

11.    The User Modules were jointly authored by Tony and Tyler Kellen.  The copyright in the User Modules vested in Tony and Tyler Kellen.  The User Modules were not a "work made for hire" under 17 U.S.C. § 101 and 17 U.S.C. § 201(b).  Tony and Tyler Kellen never transferred ownership of the copyright in the User Modules pursuant to 17 U.S.C. § 201(d).  Tyler Kellen's copyright in the User Modules is included as an asset of Tyler Kellen's estate as part of "MetroNet Data Management System Software") and will pass to Tony Kellen, if it has not already one so.

12.    In 2013, Tyler Kellen executed a Support and License Agreement with the St. Cloud (Minnesota) Metropolitan Transit Commission ("the MTC") relating to the DMS Code and the User Modules.  Tyler Kellen executed the agreement for his company Sleekcode LLC.

13.    A September 15, 2022 document entitled Metro Bus – Addendum – Transfer of Support  ("the Transfer of Support") amends the Support and License Agreement was amended to refer to Defendant Scaleout, LLC, as the contracting party with the MTC, rather than Sleekcode, LLC.

14.    Defendant Scaleout does not own the copyright in the DMS Code.

15.     Defendant Scaleout does not have any right to license the DMS Code or to use it on behalf of the MTC or anyone else.

16.     As the lawful heir of Tyler Kellen, Tyler Kellen's copyright in the DMS Code will pass, if it has not already passed, to Tony Kellen.

17.     Defendant Scaleout does not own the copyright in the User Modules.

18.     Defendant Scaleout does not have any right to license the User Modules or to use them on behalf of the MTC or anyone else.

19.     Tony Kellen as co-author owns copyright in the User Modules.  As the lawful heir of Tyler Kellen, Tyler Kellen's ownership interest in the User Module copyrights will pass, if they have not already passed, to Tony Kellen.

### COUNT I:  DECLARATORY JUDGMENT

20.     Tony Kellen realleges and incorporates by reference all foregoing paragraphs of the Complaint as though fully set forth herein.

21.     Tony Kellen has contacted the MTC to advise it of Tyler Kellen's death and the status of probate proceedings.  Tony Kellen worked at the MTC for many years. As a teenager, Tyler Kellen repaired and networked computer hardware for the MTC.  Tyler Kellen's interest in computers and software dates from his teenage projects at MTC. Tony Kellen has no interest in harming the operations of the MTC.

22.     By letter dated June 9, 2026, Defendant Scaleout has demanded that Tony Kellen cease and desist from any contact with the MTC or any other customer of Scaleout regarding the DMS Code, the User Modules, or "any other matter."

23.    In its cease and desist letter, Defendant Scaleout asserts that Tyler Kellen is not the owner of the software at issue, and that "instead, Scaleout is the owner of the Software, pursuant to a transfer from Sleekcode LLC to Scaleout," citing the Transfer of Support  The Transfer of Support, however, is not a copyright assignment; it is merely reflects that the Support and License Agreement is amended to refer to Scaleout rather than Sleekcode.  The 2022 Transfer of Support documents says nothing about transferring copyrights or ownership interests in the DMS Code or the User Modules.  The Support and License Agreement itself also says nothing about copyright ownership and does not reflect that any transfer of copyright, as required by 17 U.S.C. § 201(d).

24.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Tony Kellen and Defendant Scaleout concerning ownership of copyrights in the DMS Code and/or the User Modules, for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

25.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Tony Kellen and Scaleout regarding whether Scaleout has any right to license the DMS Code and/or the User Modules, for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

26.    As a result of the foregoing facts there is a real, substantial, and continuing justiciable controversy between Tony Kellen and Scaleout regarding whether Scaleout has any right to possess, access, copy and use the DMS Code and/or User Modules, for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

27.     Tony Kellen is being irreparably harmed by Scaleout's efforts to prevent him from communicating about his lawful rights in the DMS Code and/or User Modules and the lawful status of ownership of copyright in the DMS Code and/or User Modules.

28.     Scaleout's efforts to intimidate Tony Kellen and prevent him from lawful communication regarding his lawful rights in the DMS Code and/or User Modules and the lawful status of ownership of copyright in the DMS Code and/or User Modules should be enjoined preliminarily and permanently thereafter.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tony Kellen respectfully prays for relief as follows:

a)  A judgment in favor of Tony Kellen and against Defendant;

b)  A declaration that Defendant Scaleout does not own copyright in the DMS Code.

c)  A declaration that Defendant Scaleout does not own copyright in the User Modules.

d)  A declaration that Defendant Scaleout has no right to license, possess, access, or copy the DMS Code.

e)  A declaration that Defendant Scaleout has no right to license, possess, access, or copy the User Modules.

f)  A declaration that Tony Kellen is the sole owner of copyright in the User Modules.

g) A declaration that Tony Kellen and/or the Estate of Tyler Kellen is/are the owner/owners of copyright in the DMS code.

h) A declaration that Tony Kellen has the right to advise others regarding ownership of copyright in the DMS Code and the User Modules and the status of probate proceedings.

i) Such other and further relief as the Court deems just and proper.


Dated August 13, 2026                PADMANABHAN & DAWSON, P.L.L.C.

                                     */s/Devan V. Padmanabhan*
                                     Devan V. Padmanabhan (240126)
                                     Sri K. Sankaran (204304)
                                     9800 Shelard Parkway
                                     Suite 120
                                     Minneapolis, Minnesota 55441
                                     Telephone: (612) 444-3377
                                     Facsimile: (612) 444-3195
                                     devan@paddalawgroup.com
                                     sri@paddalawgroup.com

                                     *Attorneys for Plaintiff Anthony Kellen*